131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Frank T. WILLIAMS, Defendant-Appellee.
 No. 97-10024.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1997.
Decided Nov. 28, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CR-96-00181-MHP; Marilyn H. Patel, District Judge, Presiding.
 Before: FLETCHER, WIGGINS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government appeals the district court's suppression of cocaine and drug paraphernalia seized from Frank T. Williams's apartment and its subsequent dismissal of an indictment charging Williams with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and of maintaining a place for the purpose of manufacturing, distributing, and using a mixture and substance containing cocaine, in violation of 21 U.S.C. § 856. We have jurisdiction, 28 U.S.C. § 1291, and reverse.
 
 
 3
 * The government argues that Faingold had probable cause to search the bottle of Mannitol he spotted on the dining room table, in plain view, from a lawful position in the living room, and than, therefore, his subsequent plan view sighting of the cocaine and drug paraphernalia in the kitchen was also lawful. Williams defends the district court's ruling on the footing that his consent was only to come into his apartment to talk to him.
 
 
 4
 "It is well established than under certain circumstances the police may seize evidence in plain view without a warrant." Arizona v. Hicks, 480 U.S. 321, 326 (1987) (citation omitted) "Incriminating evidence in plain view can be seized if the officer does not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed." United States v. Nohara, 3 F.3d 1239, 1243 (9th Cir.1993) (citing Horton v. California, 496 U.S. 128, 137 (1990)). Probable cause is required in order to invoke the "plain view" doctrine and to seize, or to search, an item in plain view. Hicks, 480 U.S. at 326, 328. Probable cause exists "where the known facts and circumstances are sufiicient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." Ornelas v. United States, 116 S.Ct. 1657, 1661 (1996).
 
 
 5
 Here, there is no dispute that Faingold's presence in the living room was lawful; the Mannitol was in plain view; Faingold knew that Mannitol, although a lawful substance, is commonly used as a cutting agent for narcotics, see id. at 1663 (noting that a seemingly lawful substance may connote unlawful drug activity to an experienced narcotics officer); Faingold was aware that Alhark was out on bail and under federal irdictment for cocaine charges; and he knew that Alhark had conducted a narcotics transaction by telephone, from Williams's apartment, four months earlier.
 
 
 6
 Under these circumstances, Faingold had justification to walk across the room to the dining room table where Alhark had been standing since Faingold had probable cause to seize the bottle of Mannitol based on his knowledge of Alhark's drug dealings and of Mannitol's common use in the drug trade. From the dining room, the cocaine and drug paraphernalia were in plain view on the counter in the open kitchen area. We therefore disagree with the district court's decision that the seized evidence should be suppressed and the indictment dismissed.[1]
 
 
 7
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In light of this disposition, we need not reach the government's alternative argument that officer safety justified the search and seizure